this policy, and the judgment is reversed without remanding the cause.

*Reversed.*

Leonard C. Reid, Administrator, Defendant in Error, v. Samuel B. Lingle, Plaintiff in Error.

Gen. No. 20,470.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed November 1, 1915.

## Statement of the Case.

Action by Leonard C. Reid, administrator of the estate of George Upton, deceased, plaintiff, against Samuel B. Lingle, to recover for the death of plaintiff's intestate. Judgment was rendered for plaintiff. To reverse the judgment, defendant prosecutes this writ of error.

Plaintiff in his statement of claim charged that defendant had control of a flat building; that the father of the deceased occupied a flat therein; that a fire was started near the premises, on which defendant's janitor threw rubbish; that the fire ignited the clothing of plaintiff's intestate, then slightly over four years of age, who was passing by, and that he was so severely burned that he died. Defendant denied that the janitor ever started the fire in question or threw rubbish on it, and sought to introduce testimony tending to show that the child had set himself on fire.

No eyewitness testified to having seen the child catch fire or that he was dangerously near the spot where the fire is said to have been. The existence of the fire itself was sharply controverted. The fire was said to have been on a vacant lot near the flat building. A

heavy gate shut off the passageway from the court-yard of the flat building to this lot. The last seen of the child before the accident was by a young girl who testified that she opened this gate and allowed the child to go through the gateway and that she then closed the gate, leaving him outside. About an hour afterwards he was discovered by his mother inside the courtyard with his clothes burning.

Ernest Severy, for plaintiff in error.

Litzinger, McGurn & Reid, for defendant in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Evidence, § 68*—*when evidence of past transactions inadmissible.* In an action to recover for the death of a child alleged to have been caused by the negligence of defendant's janitor in the manner of burning rubbish whereby plaintiff's decedent received injuries resulting in his death, evidence that defendant had been seen before that time burning garbage at various times when children were near is harmful error where it is not claimed that defendant made the fire causing the death or was on the premises or knew anything about it.

2. Evidence, § 68*—*when evidence of ordinance inadmissible.* In an action to recover for the death of a child alleged to have been caused by the negligence of defendant's janitor, it is error to permit plaintiff to introduce in evidence a section of the ordinance of the city of Chicago making the building of a bonfire in any street or alley an offense punishable with fine, where the evidence showed that the location of the fire had nothing to do with the accident and tended, furthermore, to show that the fire was on a vacant lot.

3. Evidence, § 73*—*when exclusion of evidence rebutting inference error.* Where, in an action for the death of a child alleged to have been caused by the negligence of defendant's janitor in burning garbage, there is no direct evidence as to how the child's clothing caught fire, it is error to exclude evidence that at different

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

times before the accident the child had been found with matches which had been taken from him and that he had several times set fire to his clothing with them.

---

## Mrs. E. J. Gibbons, Defendant in Error, v. Allen Grossman and Leopold E. Phillips, Plaintiffs in Error.

### Gen. No. 20,591.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed November 1, 1915.

### Statement of the Case.

Action by Mrs. E. J. Gibbons, plaintiff, against Allen Grossman and Leopold E. Phillips, defendants, to recover damages claimed to have been sustained by misrepresentations of defendants as to a fur coat purchased of them by plaintiff. To reverse a judgment for plaintiff, defendants prosecute this writ of error.

Defendants filed an appearance and an affidavit of defense denying that any representations as claimed had been made. The case was duly set for trial, and on that date the plaintiff appeared but the defendants were absent and not represented, and the court entered judgment against them for the amount of plaintiff's claim. Within two days thereafter defendants, by their attorneys, filed a written motion to vacate the judgment, which motion was supported by an affidavit. This, in substance, alleged that the failure to be present on the day of the trial was due to a mistake of a clerk in the office of defendants' attorneys who was confused by the announcement of the cases on the Municipal Court judges' calls which appeared in the "Daily Municipal Court Record," a daily paper or bulletin giving the court calls. The clerk's mistake seems to have been made possible by the fact that some of the